KASSLER, FEINBERG &
FEUER, P.C., Plaintiff
vs.
Annette HARRINGTON,
Defendant

No. 56584

Superior Court/Suffolk, ss.
Commonwealth of Massachusetts

December 2, 1982

John E. Sutherland, James R. Rosencranz, counsels for the plaintiff. Annette E. Harrington (Pro-se), Thomas A. Silevitch, counsels for the defendant.

### RULING, ORDER AND MEMO-RANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

**Procedural Background**

Plaintiffs commenced this action in the district court seeking damages in an amount less than $7500. Defendant counterclaimed also for an amount less than $7500. After trial, a district court judge ruled against both parties, awarding to plaintiffs substantially less damages than they sought and found for plaintiffs on defendant's counterclaim. Thereafter, plaintiffs appealed to the superior court and defendant has moved to dismiss "for lack of subject matter jurisdiction, pursuant to M. G. L. Chapter 231, Section 103."

**Ruling and Memorandum of Decision**

I rule in sum that, pursuant to G. L. c. 231, secs. 103 and 104, a plaintiff against whom a counterclaim for an amount less than $7500 is asserted may remove the action for a jury trial in the superior court within ten days **after** notice of the decision or findings of the District Court as was done here.

Defendant's motion to dismiss raises a

problem of statutory construction involving G. L. c. 231, secs. 103 and 104 and, to a lesser extent, section 102C. Sections 103 and 104 deal with appeal and removal procedures for actions originally brought in the district court.

Under sec. 103, if a party elects to bring an action in the district court which could have begun in the superior court, "he is deemed to have waived a trial by jury and his right of appeal to Superior Court, unless said action or other civil proceeding is removed to the Superior Court as hereinafter provided : . . ." **Id.** Thus, in the usual situation, when a plaintiff brings an action in the district court, he waives his right to a jury trial and to an appeal to the superior court. The $7500 limitation referred-to in sec. 104 is irrelevant with respect to preserving a plaintiff's right to trial in the superior court. In order to preserve such right all actions, irrespective of the amount in controversy, must be brought originally in the Superior Court where an initial determination is made whether there exists a reasonable likelihood that recovery will exceed $7500. If such likelihood exists, the case remains in the superior court for trial. If not, the case is transferred to the district court for an initial trial after which it may be retransferred to the superior court either by the plaintiff or by the defendant, G. L. c. 231, sec. 102C.

The difficulty created in this action is due to the fact that while plaintiffs elected not to originally bring their action in the superior court and follow sec. 102C procedures, they now claim a right to remove the case to superior court on account of defendant's counterclaim. Citing the pertinent language in secs. 103[1] and 104,[2] plaintiffs argue that since defendant's counterclaim was for less than $7500, they were entitled to remove this action to the superior court within ten days after notice of the district court's decision.

While there is some room for debate as to the proper interpretations of these statutes,[3] it is apparent that plaintiff's argument is well-founded. Although no legislative history or case law exists which discusses these provisions, the apparent rationale of secs. 103 and 104 is to try actions involving less than $7500 in the district court, while preserving the right to a superior court trial for any party against whom a claim of under $7500 has been asserted. Therefore, these provisions apparently take the position that a case involving a plaintiff against whom a counterclaim of not more than $7500 is asserted is analogous to that of a defendant who is sued in district court for $7500 or less. In both of these situations secs. 103 and 104 indicate that removal may take place only after a district court decision has been entered.

---

[1] Section 103 states that if a counterclaim is asserted against a plaintiff who elected to bring an action in district court, the plaintiff has the right to remove the action and claim a jury trial "in the same manner and upon the same terms as are set forth in section one hundred and four . . ."

[2] The relevant language in § 104 provides that "cases in which no claims, counterclaims and cross-claims exceed seven thousand five hundred dollars and those in which rights of parties to remove for trial in the superior court as hereinabove provided are not properly exercised shall be tried in the district court. A party who would have been entitled to remove the case for trial in the superior court as hereinabove provided but for the fact that the claim, counterclaim, or cross-claim, as the case may be, does not exceed seven thousand five hundred dollars shall, if he desires trial by the superior court, file an entry fee of fifty dollars and bond within **ten days after notice of the decision or finding.** Such filing shall have the same effect as a request for retransfer under section one hundred and two C, and the decision shall be transmitted to and the case tried in the superior court subject to the provision of said section one hundred and two C applicable to retransferred cases." Id. (emphasis added).

[3] Since no time limit for removal is expressly stated in § 103, it is possible to construe this language to mean that if a counterclaim is asserted against a plaintiff in an action in a district court, he must exercise his right to remove that action right away, irrespective of the amount in controversy. However, not only is this a very tortured reading of § 103, but such an interpretation would render the last two sentences of § 104 utterly meaningless as well. Obviously, such an interpretation is not to be favored where the two statutes, amended at the same time, can be read as being consistent with one another.

This interpretation of secs. 103 and 104 is consistent with the plain language of the statute. It is well established that a literal construction should be adopted unless an absurd or unreasonable conclusion would be reached. **Town of Lexington v. Town of Bedford,** 378 Mass. 568 (1979). Clearly, an absurd or unreasonable conclusion would not be reached in the instant case. In addition, this construction of secs. 103 and 104 gives these statutes their most harmonious and consistent results. See **Shoolman v. Health Facilities Appeals Board,** Mass. App. Ct. Adv. Sh. (1980) 2175; **Board of Education v. Assessors of Worcester,** 368 Mass. 511 (1975).

This construction of these statutes is also taken by the only commentators who have addressed this issue to date. In discussing the operation of sec. 104, these commentators have stated that:

> "Under the present version of sec. 104, the time to remove is measured from the time that the removing party is served with the pleading which gives rise to the right to remove. The pertinent language of the statute is as follows:

> Such claim of trial by the superior court must be filed no later than twenty-five days after service of the pleading which asserts the claim, counterclaim, or cross-claim on which the right to remove is based, provided, however, that in the case of a compulsory counterclaim, the party asserting such counterclaim must file such claim of trial by the superior court no later than five days after the expiration of the time allowed to assert such counterclaim.

> An example of how the statute operates may be helpful. P files a complaint in District Court against D seeking damages of $8,000. Under the terms of sec. 104 the complaint is the pleading "which asserts the claim . . . on which the right to remove is based." Therefore, D must file his claim for Superior Court trial no later than twenty-five days after he is served with the complaint.

> Using the same example, had D asserted a counterclaim (permissive or compulsory), P also would have become entitled to remove the case. Since the counterclaim is the pleading on which P's right to remove is based, "then if such counterclaim is for an amount in excess of $7500, P must remove no later than twenty-five days from the time the counterclaim was served on him. **If, however, the counterclaim is for an amount not in excess of $7500, he could remove only after District Court trial.**" (emphasis added)

M. G. Perlin and J. M. Connors, Handbook of Civil Procedure in The Massachusetts District Courts at 322 (1980). See M. G. Perlin & J. M. Connors, Appealing Summary Process Counterclaims: A Solution, 9 M. L. W. 741 (March 30, 1981).

**Order.**

In sum, it is clear that defendant's motion to dismiss for lack of subject matter jurisdiction is without basis in law and should be and hereby is ordered denied. Plaintiff's action should be allowed to proceed in the superior court as if it were a retransferred case under Chapter 231, sec. 102C provided that its removal was timely made and procedures under sec. 104 were followed.

**Paul G. Garrity**
**Justice of the Superior Court**